**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**CALVIN FORBES, Defendant**

Criminal No. F399/2002

Territorial Court for the Virgin Islands

Division of St. Thomas and St. John

June 13, 2003

LETHEAL N. JOHNSON, ESQ., Assistant Attorney General, St. Thomas, Virgin Islands, *Attorney for Plaintiff*

LESLIE PAYTON, ESQ., Assistant Territorial Public Defender, St. Thomas, Virgin Islands, *Attorney for Defendant*

SWAN, *Judge*

## MEMORANDUM OPINION

(June 13, 2003)

Before the Court is Defendant Calvin Forbes' Motion For Mistrial or Alternatively a New Trial. Elucidating the reason for his motion, Defendant Forbes ("Defendant") asserts that during the trial, the prosecutor allowed items of merchandise the Government intended to introduce in evidence, but had not at that juncture been introduced or admitted in evidence, to remain for a brief period in full view of the jurors. Defendant further asserts that the Government's action violated his Constitutional Rights, meriting a mistrial or alternatively a new trial. For the following reasons, Defendant's motion will be denied.

## FACTS

Defendant was charged with grand larceny, for unlawfully removing several items of merchandise valued at several hundred dollars from the K-Mart Store ("K-Mart") on November 29th, 2002. On that day, Defendant entered K-Mart. He proceeded to place several items of merchandise into a shopping cart. Defendant then approached a cashier. An argument immediately ensued between the cashier and Defendant. For whatever inexplicable reason, Defendant departed K-Mart without paying for the merchandise. Several K-Mart employees attempted to dissuade Defendant from leaving the store without paying for the merchandise.

Subsequently, Mr. Edward Richardson, a K-Mart manager, went to Defendant's residence, located in nearby Oswald E. Harris Court Housing Complex, where Mr. Richardson met Defendant. During the ensuing dialogue between Defendant and Richardson, Defendant agreed to return the merchandise to K-Mart, which he did the same day accompanied by Mr. Richardson. Returning to K-Mart, Defendant confessed and apologized in the presence of several K-Mart employees for unlawfully removing the merchandise. While apologizing, and in an effort to demonstrate the sincerity of his apology, Defendant endeavored to embrace Mr. Jose Rosario, Defendant's former supervisor at Alliance Security Company. The Alliance Security Company's personnel were, at that time, performing security work at K-Mart. Mr. Rosario, by his hand movement, eschewed Defendant's attempted embrace. Defendant was arrested and formally charged with grand larceny. The case proceeded to

trial. The jury found Defendant guilty of grand larceny. Importantly, Defendant's confession, which was mentioned and alluded to by witnesses during the trial, was never the subject of a motion to suppress.

During the trial, the Court had occasion to order a short recess. Both the Court and the jurors departed the courtroom. During the Court's absence from the courtroom, the Government's counsel removed several items of merchandise from where they were earlier secreted in the courtroom, and placed them against the side of a semi-circular table located in the middle of the courtroom. This table is utilized by courtroom stenographers for storing their paraphernalia. When the Court returned to the courtroom, and because of the configuration of the courtroom, the items of merchandise were not visible to the Court. However, the same merchandise were in "plain view" of both the parties' attorneys and the jurors, as all of them had an unobstructed view of the merchandise. The merchandise remained assembled against the table for several minutes. The exact duration of time has not been calculated by the Court, but the time was significant.

Subsequently, the Court was informed by Defendant's Counsel that the merchandise were in the courtroom, and he attempted to identify their exact location for the Court. This revelation was prompted by one of defense counsel's commentary on an objection to the testimony. Perplexed by counsel's objection, and not seeing the merchandise, the Court further inquired of counsel concerning the exact nature of his objection. Defense counsel, for the first time, informed the Court that since resumption of the trial, the Government's exhibits had been in "plain view" of the jurors, even though the exhibits were not, at that stage of the proceeding, offered or admitted in evidence.

Dismayed by what had occurred, the Court immediately ordered the merchandise removed from the jurors' view and gave some curative instructions to the jurors, concerning their having seen the merchandise that were not, as yet, admitted in evidence.

Defense counsel promptly made an oral motion for a mistrial which the Court summarily denied. Importantly, all the items of merchandise were subsequently admitted in evidence, during the presentation of the government's case in chief.

## DISCUSSION

Defendant's motion for a mistrial is made pursuant to FED. R. CRIM. P. 26.3[1] and the alternative aspect of the motion for a new trial is made pursuant to FED. R. CRIM. P. 33.[2] Under Rule 26.3 and before granting a motion for a mistrial, the Court should consider viable alternatives. One alternative is the giving of a curative jury instruction. *United States v. Sloan*, 36 F.3d 386, 400 (4th Cir. 1994). The Court instantaneously gave the jury some curative instructions, once the issue of the merchandise was brought to its attention.

■ Additionally, the Court finds that it must consider the quantum and quality of proof presented in conjunction with the evidence, in support of the Government's case. The evidence against Defendant is over-whelming and irrefutable. First, Defendant admitted to unlawfully taking the merchandise from K-Mart. Several witnesses substantiated Defendant's unlawful taking of the merchandise. Second, Defendant confessed and apologized for taking the merchandise in the presence of several witnesses who testified at trial to the event. Third, Defendant, accompanied by Mr. Richardson, personally returned the merchandise to the K-Mart store, after removing them from his residence where he had earlier the same day concealed them. Therefore, because of Defendant's

---

[1] Rule 26.3 Mistrial

> Before entering a mistrial, the Court must give each defendant and the government an opportunity to comment on the propriety of the order, to state whether that party consents or objects, and to suggest alternatives.

[2] Rule 33. New Trial

> (a) Defendant's Motion. Upon the Defendant's motion, the Court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the Court may take additional testimony and enter a new judgment.

> (b) Time to File.

> (1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may grant a motion for a new trial until the appellate court remands the case.

> (2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty, or within such further time as the court sets during the 7-day period.

confession of unlawfully taking the merchandise, and all the merchandise having been subsequently admitted in evidence any prejudice to Defendant, that was occasioned by the jurors viewing the merchandise before they were admitted, is infinitesimal and inconsequential. Accordingly, the Defendant's motion for a mistrial will be denied.

■ Pursuant to Rule 33 *supra*, a motion for a new trial may be made on any basis that demonstrates that the verdict was against the interest of justice. However, even where there has been misconduct or error during the trial, courts are reluctant to grant a new trial without a showing of prejudice. *See United States v. Romero*, 54 F.3d 56 (2d Cir.), *cert. denied*, 517 U.S. 1149, 116 S. Ct. 1449, 134 L. Ed. 2d 568 (1996); *United States v. Cunningham*, 54 F.3d 295 (7th Cir.), *cert. denied*, 516 U.S. 883, 116 S. Ct. 219, 133 L. Ed. 2d 150 (1995). To show prejudice, a Defendant must demonstrate how the lack of error would probably have changed the result of the case or the verdict. Defendant has dismally failed to offer any modicum of evidence or legal authority to substantiate any prejudice to him caused by the Government's action. Likewise, Defendant has failed to demonstrate how the prosecutor's conduct violated his Constitutional Right to a fair trial. The Court has scrutinized the content of Defendant's motion and finds that the motion is devoid of any cogent or persuasive basis to support it. Considering Defendant's confession of stealing the merchandise, of his subsequently returning the merchandise, of apologizing for doing so, and the abundance of evidence against Defendant, the Court finds Defendant's claim of a violation of his Constitutional Right to be specious. The Court concludes that the Government's action of positioning the merchandise where they were viewed by the jurors prior to their admission in evidence was harmless error. Moreover, if errors at trial are harmless, it is an abuse of discretion for the trial court to grant a motion for a new trial. *United States v. Wilkerson*, 251 F.3d 273 (1st Cir. 2001).

Furthermore, in making a determination whether to grant a new trial, the Court need not view the evidence in the light most favorable to the government, but may instead weigh the evidence and evaluate for itself the credibility of the witnesses. *United States v. Luna*, 265 F.3d 649, 651-652 (8th Cir. 2001). The Court finds that the government's witnesses were credible. They testified from personal knowledge concerning Defendant's criminal conduct. The government's witnesses were never impeached during the trial. Important aspects of their testimony were

257

never contradicted. Lastly, there was an avalanche of corroboration among the testimony of the government's witnesses.

The Court finds that the placing of the merchandise in full view of the jurors for a short time period caused no prejudice to Defendant. The rationale is that the same items of merchandise were all subsequently admitted in evidence and were available to the jurors for their inspection during their deliberation. Consequently, any adverse impact the prosecutor's conduct created by having the evidence inadvertently and prematurely viewed by the jurors was negligible.

When considering a motion for a new trial, an appellate court has held that a district court may grant a new trial in a criminal prosecution only if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred. *Ortega v. United States*, 270 F.3d 540, 547 (8th Cir. 2001). The contrary exists in this case; the evidence in support of the verdict is substantial and compelling. Considering the totality and weight of the Government's evidence, the unassailable conclusion is that the absence of the prosecutor's error would not have altered the outcome of the case or the jurors' verdict. Admittedly, had some or all or one of the items of merchandise not been admitted in evidence, Defendant's motion may have warranted consideration. That issue, however, is not before the Court. Conversely, because all of the items of merchandise were eventually admitted in evidence, Defendant's motion is nonmeritorious.

On a secondary note, the Court finds that defense counsel, from his vantage point in the courtroom, saw the merchandise when the trial resumed. He remained silent rather than immediately registering an objection to the presence of the merchandise in full view of the jurors. Undeniably, defense counsel was duty bound to make a timely and immediate objection. Failing to timely object may have constituted a waiver by Defendant to object to what occurred.

## CONCLUSION

The Court holds that when jurors are allowed to view items of evidence before they are properly admitted in evidence, that viewing of the evidence is harmless error, if the same items of evidence are subsequently and properly admitted in evidence. Accordingly, Defendant's motion for a mistrial, and in the alternative, for a new trial, is denied. An appropriate order will follow.